UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

JEFFREY A. DOBSON and
SHANNON D. DOBSON,

        Plaintiffs,

    v.

LIVINGSTON COUNTY SHERIFF
THOMAS J. DOUGHERTY[1], COUNTY
OF LIVINGSTON, BRANDAN J.
FLICKNER, and JAMES MERRICK,

        Defendants.

───────────────────────────────

17-cv-1014 (JLS) (MJR)

## DECISION AND ORDER

Plaintiffs Jeffrey A. Dobson and Shannon D. Dobson commenced suit against Defendants Livingston County Sheriff Thomas J. Dougherty, the County of Livingston, Brandan J. Flickner, and James Merrick. Dkts. 1, 10. On October 24, 2017, this Court[2] referred this case to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 3.

On April 18, 2019, the parties entered into a "Stipulation and Order Concerning Bifurcation and Discovery," which was signed by Judge Roemer that same day. Dkt. 34. The Stipulation provides that, "[f]or purposes of discovery and

---

[1] Most documents, and CM/ECF, refer to "Dougherty," while others refer to "Doughtery." The Court refers to the former, which appears to be the correct usage. *See, e.g.*, Dkt. 10.

[2] Judge Vilardo was originally assigned to this case and made the referral to Magistrate Judge Roemer. Dkt. 3. On January 5, 2020, this case was reassigned to Judge John L. Sinatra, Jr. Dkt. 40.

dispositive motion[s]," Plaintiffs consent to the bifurcation of their *Monell* claim against Livingston County and Dougherty from those other claims brought against Flickner and Merrick. *Id.* at 1 ¶ 1. The Stipulation also recognizes that "if the claims against [Flickner and Merrick] are dismissed by dispositive motion, the *Monell* claim will also be dismissed." *See id.* at ¶ 2; *see also id.* at ¶ 4 (if "the Federal Civil Rights claims against [Flickner and Merrick] are dismissed by means of motion, the *Monell* claim will likewise be dismissed").

On January 15, 2020, Defendants moved for summary judgment. *See* Dkt. 43; *see also* Dkt. 43-1, at 2 ¶ 6 (submitting summary judgment motion on behalf of Flickner and Merrick; "[i]n addition, to the extent any state law claims are asserted against Livingston County and Sheriff Dougherty, which were not stayed, the Defendants move for summary judgment on those claims"). Plaintiffs responded in opposition on March 9, 2020. *See* Dkts. 49-54; *see also* Dkt. 68 (R&R), at 2-3 (explaining claims withdrawn by Plaintiffs). Defendants replied on March 23, 2020. Dkts. 59-60.

On September 23, 2020, Judge Roemer issued a Report and Recommendation ("R&R"), recommending that this Court grant Defendants' motion for summary judgment. Dkt. 68. In addition, citing to case law and to the parties' Stipulation, Judge Roemer concluded that "should the District Court adopt the recommendation . . . to grant summary judgment in favor of defendants Flickner and Merrick and dismiss all claims against them, the *Monell* claims against the Sheriff and the

County should also be dismissed in their entirety, and the case should be closed." *Id.* at 3, n.2.

Plaintiffs objected to the R&R on November 2, 2020, in which they argue that the Magistrate Judge "attache[d] undue weight to certain evidence in the record while improperly eschewing proof which contradicts it—resulting in the unjustified conclusion that no question of fact exists." Dkt. 72, at 3. Plaintiffs also argue that "[i]f the Court accepts [their] objections . . . concerning . . . probable cause, the Court should also find that summary judgment is not appropriate on qualified immunity grounds." *Id.* at 8. In addition, Plaintiffs object "to the extent [the R&R] is based . . . upon an oral argument abbreviated to satisfy a directive from the [Magistrate Judge]," who, counsel maintains, "impos[ed]" a "time constraint" at oral argument. *Id.* at 9.

Defendants responded to the objections on December 11, 2020. Dkt. 75. Defendants maintain that Plaintiffs' objections merely repeat their earlier arguments in an "attempted second bite of the apple." *Id.* at 3. Defendants argue that, because Plaintiffs' objections are general or conclusory, this Court should review them for clear error. *Id.* at 3-4.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which objection is made. *Id.*

3

This Court has carefully reviewed the R&R, the relevant record, the objection and response, and the materials submitted by the parties. Based on that *de novo* review, the Court accepts and adopts Judge Roemer's recommendation to grant Defendants' motion for summary judgment.[3] Accordingly, the *Monell* claims against Dougherty and Livingston County are also dismissed. *See* R&R (Dkt. 68), at 3 n.2.

## CONCLUSION

For the reasons stated above and in the R&R, Defendants' motion for summary judgment is granted. Pursuant to the parties' Stipulation, Plaintiffs' claims against Dougherty and Livingston County are also dismissed.

The Complaint is dismissed. The Clerk of Court shall close this case.

SO ORDERED.

Dated:  January 14, 2021
        Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Regarding the R&R's alternative discussion about window stickers on pages 29-30, the Court need not reach this issue in order to grant summary judgment to Defendants and, therefore, makes no conclusions about it.